**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

DARYL DUDE NELSON,

     Petitioner,          Civil No. 2:16-CV-12260
                             HONORABLE DENISE PAGE HOOD
v.                       CHIEF UNITED STATES DISTRICT JUDGE

SHANE JACKSON,

     Respondent,

_____/

**OPINION AND ORDER DENYING THE PETITION FOR WRIT OF
HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY,
AND GRANTING PETITIONER LEAVE TO APPEAL *IN FORMA
PAUPERIS***

     Daryl Dude Nelson, ("Petitioner"), confined at the Brooks Correctional Facility in Muskegon Heights, Michigan, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction for second-degree murder, M.C.L.A. 750.317; reckless driving causing death, M.C.L.A. 257.626(4) and being a third felony habitual offender, M.C.L.A. 769.11.  For the reasons that follow, the petition for writ of habeas corpus is DENIED.  The Court grants petitioner's motion to file exhibits in a traditional manner and the motions to expand the record but denies the motion for an evidentiary hearing.

1

## I. Background

Petitioner was convicted following a jury trial in the Wayne County Circuit Court. This Court recites verbatim the relevant facts relied upon by the Michigan Court of Appeals, which are presumed correct on habeas review pursuant to 28 U.S.C. § 2254(e)(1). *See e.g. Wagner v. Smith,* 581 F.3d 410, 413 (6th Cir. 2009):

> The evidence at trial indicated that defendant was driving a car at a high rate of speed while repeatedly, aggressively, and intentionally hitting the side of the victim's van. Although defendant argues that the victim was also driving in an irresponsible and dangerous manner, he does not refute that he was driving as the witnesses described. Similarly, there was no testimony indicating that defendant attempted to stop ramming the victim's vehicle or slow down before the collision. At trial there was also evidence that suggested defendant intended to act aggressively towards the victim. The victim's sister testified that on the day before the crash defendant had shown up at her home unannounced when the victim was there and had "kept texting [the victim]" while she was out that day. The victim's cousin testified that defendant had previously shown up unannounced at a family member's home while the victim was there and had attempted to prevent her from leaving. She testified that defendant had parked his car right behind the victim's car and didn't leave even after she asked him to. The victim's cousin also testified that defendant had acted in that manner before.

*People of State v. Nelson*, No. 323685, 2016 WL 155783, at *2 (Mich. Ct. App. Jan. 12, 2016).

Petitioner's conviction was affirmed on appeal. *Id., lv. den.* 499 Mich. 917, 877 N.W.2d 885 (2016), *reconsideration denied*, ----- Mich.-----; 881

N.W.2d 811 (Mich. 2016).

Petitioner seeks a writ of habeas corpus on the following grounds:

I. Did the trial court lack jurisdiction / authority to try and to convict petitioner because (1) the warrant was invalid (2) the return was not properly filed, and (3) probable cause was not established, thereby rendering all proceedings null and void.

II. Was petitioner constructively deprived of counsel, and deprived of his constitutional right to contract and forced into being represented by counsel with conflict of interest.

III. Was petitioner denied his constitutional right to effective assistance of counsel where counsel (1) failed to investigate (2) failed to raise substantial defenses (3) failed to produce expert and non-expert witnesses.

## II.  Standard of Review

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective

Death Penalty Act of 1996 (AEDPA), imposes the following standard of

review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

> (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of

3

> the evidence presented in the State court
> proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11. "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011)(citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Therefore, in order to obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law

4

beyond any possibility for fairminded disagreement." *Harrington,* 562 U.S. at 103.  A habeas petitioner should be denied relief as long as it is within the "realm of possibility" that fairminded jurists could find the state court decision to be reasonable. *See Woods v. Etherton,* 136 S. Ct. 1149, 1152 (2016).

### III.  Discussion

### A.  The motion to file exhibits in a traditional manner is GRANTED.

On July 5, 2016, petitioner sent a letter to the Court, in which he asked that several compact discs be added to his exhibits as Appendix J. Neither the letter nor the compact discs have been added into the Court's record.

The Court has listened to the five compact discs, which are all identical copies of an eighteen minute, fifty one second taped conversation between petitioner and his trial counsel concerning trial strategies and several motions that petitioner wanted filed.  Petitioner also apparently wanted to argue several motions himself in court.

Effective June 1, 2004, the official record of filed cases within the United States District Court for the Eastern District of Michigan was maintained electronically.  As of this date, attorneys were permitted to file

pleadings and other documents in all cases by electronic means. *See* E.D. Mich. LR 5.1.1.  As of October 1, 2005, LR 5.1.1 was amended to require electronic filing of all court papers after November 30, 2005.  The Rule permits the Court to "excuse a party from electronic filing on motion for good cause shown." LR 5.1.1(a).

In order to demonstrate good cause within the meaning of LR 5.1.1(a), "a litigant must set forth reasons beyond the resistance to modernization, reluctance to invest in new equipment, or an aversion to technology" to qualify for an exception to electronic filing. *Smith v. Port Hope School Dist.*, 407 F. Supp. 2d 865, 868 (E.D. Mich. 2006).  Instead, "there must be evidence that unusual, unanticipated, or extraordinary circumstances beyond the control of counsel" that would justify relieving a litigant from the electronic filing requirement. *Id.*

At least one judge in this district has permitted compact discs to be filed with the court in a traditional manner. *See Hawthorne-Burdine v. Oakland Univ.*, 158 F. Supp. 3d 586, 592, n. 8 (E.D. Mich. 2016).  In addition, petitioner is currently incarcerated.  Pursuant to Rule 3(a) of the Electronic Filing (ECF) Procedures for the Eastern District of Michigan, "[A] filing user must be an attorney admitted and in good standing to practice in

6

the Eastern District of Michigan, an attorney authorized to represent the United States Government, or a non-incarcerated *pro se* party granted access permission."  Petitioner, as an incarcerated prisoner, by definition does not qualify as a filing user pursuant to the ECF Procedures of this Court.  Because petitioner does not have access to the Court's electronic docketing system, this Court will permit him to file his exhibits in a traditional manner.

### B.  The motions to expand the record are GRANTED.

Petitioner has filed motions to supplement the record.  Petitioner filed a motion to supplement his habeas petition to add several exhibits as Appendix I and Appendix M, which were filed with the Court's docket. (Doc. Nos. 12 and 14).  Petitioner also raised arguments regarding the Rule 5 Materials (Doc. No. 13).  As mentioned above, petitioner has also filed a motion to supplement the record to include an audiotaped conversation between himself and his trial lawyer.

Rule 7 (a) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254, indicates that if a habeas petition is not summarily dismissed, the district court judge "may direct the record be expanded by the parties by the inclusion of additional materials relevant to the determination of the

7

merits of the petition."  A federal district court judge may employ a variety
of measures to avoid the necessity of an evidentiary hearing in a habeas
case, including the direction to expand the record to include evidentiary
materials that may resolve the factual dispute without the need for an
evidentiary hearing. *See Blackledge v. Allison,* 431 U.S. 63, 81-82 (1977).
The decision whether to expand a habeas record is within the sound
discretion of the district court. *See West v. Bell,* 550 F.3d 542, 551 (6th
Cir. 2008).  The Court will grant petitioner's motions to expand the record.

### C.  The motion for an evidentiary hearing is denied.

Petitioner also filed a motion for an evidentiary hearing.

When deciding whether to grant an evidentiary hearing, a federal
court must consider whether such a hearing could enable the habeas
petitioner to prove the petition's factual allegations, which, if true, would
entitle the petitioner to federal habeas relief on his claim or claims. *Schriro
v. Landrigan*, 550 U.S. 465, 474 (2007).  "[B]ecause the deferential
standards prescribed by § 2254 control whether to grant habeas relief, a
federal court must take into account those standards in deciding whether
an evidentiary hearing is appropriate." *Id.*  If the record refutes the habeas
petitioner's factual allegations or otherwise precludes habeas relief, a

8

district court is not required to hold an evidentiary hearing. *Id.* Stated differently, a habeas petitioner is not entitled to an evidentiary hearing on his claims if they lack merit. *See Stanford v. Parker,* 266 F. 3d 442, 459-60 (6th Cir. 2001). Because petitioner's claims lack merit, as will be discussed in greater detail below, petitioner is not entitled to an evidentiary hearing.

**D.  Claim # 1.  The jurisdiction/arrest warrant/defective complaint/bindover claims.**

Petitioner first claims that the circuit court lacked jurisdiction over his case because the felony complaint and arrest warrant were not supported by probable cause because they were signed only by an assistant prosecutor but not the complaining witness. Petitioner further claims that the complaint was not properly "sworn to." Petitioner further claims that the circuit court lacked jurisdiction because there was no return filed in the circuit court after petitioner was bound over following a preliminary examination in the district court.

The determination of whether a state court is vested with jurisdiction under state law over a criminal case is a function of the state courts, not the federal courts. *Wills v. Egeler,* 532 F. 2d 1058, 1059 (6th Cir. 1976); *See also Daniel v. McQuiggin,* 678 F.Supp. 2d 547, 553 (E.D. Mich. 2009).

9

The Sixth Circuit has noted that "[a] state court's interpretation of state jurisdictional issues conclusively establishes jurisdiction for purposes of federal habeas review." *Strunk v. Martin*, 27 F. App'x. 473, 475 (6th Cir. 2001). Petitioner's claim that the trial court lacked jurisdiction to try his case raises an issue of state law, because it questions the interpretation of Michigan law, and is therefore not cognizable in federal habeas review. *See United States ex. rel. Holliday v. Sheriff of Du Page County, Ill.,* 152 F. Supp. 1004, 1013 (N.D. Ill. 2001); *Cf. Toler v. McGinnis,* 23 F. App'x. 259, 266 (6th Cir. 2001)(district court lacked authority on habeas review to review petitioner's claim that the state court erred in refusing to instruct jury on the requirements for extraterritorial jurisdiction, because the claim was contingent upon an interpretation of an alleged violation of state law).

Any Fourth Amendment challenge to the validity of the arrest warrant and criminal complaint is non-cognizable on habeas review because petitioner was able to challenge the legality of the arrest warrant and complaint at a pre-trial motion argued on July 18, 2014 and again on appeal with the Michigan Court of Appeals.

A federal habeas review of a petitioner's arrest or search by state police is barred where the state has provided a full and fair opportunity to

10

litigate an illegal arrest or a search and seizure claim. *Stone v. Powell*, 428 U.S. 465, 494-95 (1976); *Machacek v. Hofbauer*, 213 F. 3d 947, 952 (6th Cir. 2000). For such an opportunity to have existed, the state must have provided, in the abstract, a mechanism by which the petitioner could raise the claim, and presentation of the claim must not have been frustrated by a failure of that mechanism. *Riley v. Gray*, 674 F. 2d 522, 526 (6th Cir. 1982). The relevant inquiry is whether a habeas petitioner had an opportunity to litigate his claims, not whether he in fact did so or even whether the Fourth Amendment claim was correctly decided. *See Wynne v. Renico,* 279 F. Supp. 2d 866, 892 (E.D. Mich. 2003); *rev'd on other grds* 606 F.3d 867 (6th Cir. 2010). Indeed, under *Stone*, the correctness of a state court's conclusions regarding a Fourth Amendment claim "is simply irrelevant." *See Brown v. Berghuis,* 638 F. Supp, 2d 795, 812 (E.D. Mich. 2009). "The courts that have considered the matter 'have consistently held that an erroneous determination of a habeas petitioner's Fourth Amendment claim does not overcome the *Stone v. Powell* bar.'" *Id.* (quoting *Gilmore v. Marks*, 799 F. 2d 51, 57 (3rd Cir. 1986)). Thus, an argument by a habeas petitioner that is "directed solely at the correctness of the state court decision [on a Fourth Amendment claim] 'goes not to the

11

fullness and fairness of his opportunity to litigate the claim[s], but to the correctness of the state court resolution, an issue which *Stone v. Powell* makes irrelevant.'" *Brown,* 638 F. Supp. 2d at 812-13 (quoting *Siripongs v. Calderon*, 35 F. 3d 1308, 1321 (9th Cir. 1994)).

The failure to conduct a hearing in the trial court on petitioner's claim in the trial court does not mean that petitioner did not have a full and fair opportunity to litigate his Fourth Amendment claims. *See Good v. Berghuis,* 729 F. 3d 636, 638-40 (6th Cir. 2013); *reh'g denied* (6th Cir. Jan. 8, 2014), *cert. denied*, 135 S. Ct. 1174 (2015).  The Sixth Circuit in *Good* noted that "[t]he *Powell* 'opportunity for full and fair consideration' means an available avenue for the prisoner to present his claim to the state courts, not an inquiry into the adequacy of the procedure actually used to resolve that particular claim." *Id.* at 639.

The opportunity to litigate, for purposes of *Stone v. Powell,* encompasses more than an evidentiary hearing in the trial court.  It also includes corrective action available through the appellate process on direct review of the conviction. *See Pulver v. Cunningham*, 419 F.Supp. 1221, 1224 (S.D.N.Y.1976); *See also Rashad v. Lafler,* 675 F. 3d 564, 570 (6th Cir. 2012)(petitioner had ample opportunities in state court to present his

12

Fourth Amendment claims, thus precluding federal habeas relief based on the state court's failure to apply the exclusionary rule; trial court rejected defendant's Fourth Amendment claims on forfeiture grounds because his attorney did not show up at a hearing designed to consider them, and a state appellate court rejected his claims on the merits); *Lovely v. Jackson*, 337 F. Supp. 2d 969, 976 (E.D. Mich. 2004)(petitioner's Fourth Amendment claim was not cognizable on habeas review, even though the petitioner did not challenge the legality of his arrest prior to trial, where the petitioner first raised the issue in a post-trial motion and then on direct appeal and was denied relief). Because all of the material facts of petitioner's Fourth Amendment claim were before the state appellate courts on direct review and the appellate process was not otherwise deficient, petitioner had a full and fair opportunity to litigate his Fourth Amendment claim and is thus not entitled to relief.

Finally, "[A]n illegal arrest, without more, has never been viewed as a bar to subsequent prosecution, nor as a defense to a valid conviction." *United States v. Crews*, 445 U.S. 463, 474 (1980)(citing *Gerstein v. Pugh*, 420 U.S. 103, 119 (1975)); See also *Frisbie v. Collins*, 342 U.S. 519 (1952); *Ker v. Illinois*, 119 U.S. 436 (1886). The Supreme Court has held

13

that "[T]he 'body' or identity of a defendant or respondent in a criminal or

civil proceeding is never itself suppressible as a fruit of an unlawful arrest,

even if it is conceded that an unlawful arrest, search, or interrogation

occurred*." INS v. Lopez-Mendoza*, 468 U.S. 1032, 1039 (1984).  Although

the exclusionary rule prohibits the introduction at trial of evidence that was

seized in violation of the constitution, a criminal defendant "is not himself a

suppressible 'fruit,' and the illegality of his detention cannot deprive the

Government of the opportunity to prove his guilt through the introduction of

evidence wholly untainted by the police misconduct." *United States v.

Crews*, 445 U.S. at 474.  Petitioner does not identify any evidence other

than his own body that was seized during this allegedly unlawful arrest.

The mere fact that petitioner may have been arrested without probable

cause would not prevent him from being prosecuted and convicted of this

offense.

The Court rejects petitioner's related improper bindover claim. A

prior judicial hearing is not a prerequisite to prosecution by information.

*Gerstein v. Pugh*, 420 U.S. at 119.  There is no federal constitutional right

to a preliminary examination. *United States v. Mulligan*, 520 F. 2d 1327,

1329 (6th Cir. 1975); *Dillard v. Bomar*, 342 F. 2d 789, 790 (6th Cir. 1965).

14

Even if the trial court lacked jurisdiction to try petitioner on these charges because the bindover may have been defective, such a violation of petitioner's state statutory rights does not warrant federal habeas relief. *See Tegeler v. Renico,* 253 F. App'x. 521, 525-26 (6th Cir. 2007).

Finally, a guilty verdict renders harmless any error in the charging decision. *See United States v. Mechanik,* 475 U.S. 66, 73 (1986).  Any defects with the arrest warrant, criminal complaint, or with the bindover would be harmless error in light of petitioner's subsequent conviction. Petitioner is not entitled to relief on his first claim.

### E.  Claim # 2.  The conflict of interest/counsel of choice/substitution of counsel claims.

Petitioner in his second claim claims that he was constructively denied the assistance of counsel when he was forced to be represented by an attorney laboring under a conflict of interest.  Petitioner further claims that the trial court erred in refusing to grant petitioner's request to discharge his retained counsel and give him time to hire a new attorney.

The Michigan Court of Appeals rejected petitioner's claim:

Defendant retained counsel for purposes of his trial.  During the course of pretrial proceedings, there was no express indication that defendant and his retained counsel were experiencing any difficulties.  It was only on the first scheduled date of trial, when witnesses were present, that defense counsel stated that he had

15

been fired by defendant.  Citing dissatisfaction with his current counsel's handling of his motions, defendant informed the trial court for the first time that he had discharge his attorney and wished to retain a different attorney.   After the prosecutor indicated that it was ready to proceed, the trial court ruled that it would not allow defendant to discharge his counsel.  Defendant became disruptive and was escorted out of the courtroom.  The court took a short recess and attempted to have her deputies speak with defendant in the holding cell.   Defendant was uncooperative and refused to speak except to assert that he "did not have a lawyer."

Addressing the factors set forth in *Echavarria*, [1] the trial court did not abuse its discretion nor erroneously deprive defendant of his right to counsel of choice by denying counsel's motion to withdraw and delaying the trial on the day it was to begin in order to allow defendant to attempt to retain different counsel. See *Strickland*, [2] 293 Mich.App at 399 (holding that a substitution of counsel "would have unreasonably delayed the judicial process" where the defendant "waited until the day of trial to request new counsel[,]" [t]he jury and witnesses were present, and the prosecutor and defense counsel were ready to proceed."); see also *People v. Weddell*, 485 Mich. 942, 944; 774 NW2d 509 (2009).

Defendant was asserting a constitutional right, satisfying factor 1 set forth in *Echavarria*, 233 Mich.App at 369.   Defendant asserted that he was dissatisfied with counsel's performance regarding his motions, and thus, may have expressed a legitimate dispute between the two identified under factor 2. However, defendant was negligent in asserting his right under factor 3. The pretrial procedures continued without bringing the dispute to the court's attention until the very day of trial.  Had defendant and defense counsel's relationship been strained to

---

[1] *People v. Echavarria,* 233 Mich. App. 356, 592 N.W. 2d 737 (1999).

[2] *People v. Strickland,* 293 Mich. 393, 810 N.W. 2d 660 (2011).

16

the point where withdrawal was necessary, the issue could have been addressed at any point prior to trial.  As to factor 4, given that defendant had already terminated a previous attorney for similar reasons and was out on bond awaiting trial, the trial court found that defendant was most likely engaging in a delay tactic and ordered a competency examination to confirm that defendant's actions were not a result of another issue.  Finally, defendant has not alleged any prejudice resulting from the trial court's decision.  Defendant has identified nothing that a potential substitute attorney would have done differently.  The trial court fully explored the circumstances for defendant's late request, weighed the competing interests, and made the decision that further delay was not appropriate, providing several reasonable bases for its decision.  Thus, the trial court did not abuse its discretion in denying defense counsel's request to withdraw as counsel after defendant fired him.

*People of State v. Nelson*, 2016 WL 155783, at * 8.

The Sixth Amendment right to the assistance of counsel does not guarantee a criminal defendant that he or she will be represented by a particular attorney. *Serra v. Michigan Department of Corrections*, 4 F. 3d 1348, 1351 (6th Cir. 1993)(citing *Caplin & Drysdale v. United States,* 491 U.S. 617, 624 (1989)).  A criminal defendant who has the desire and the financial means to retain his own counsel "should be afforded a fair opportunity to secure counsel of his own choice." *Id.* (quoting *Powell v. Alabama*, 287 U.S. 45, 53 (1932)).  Indeed, "[t]he Sixth Amendment guarantees the defendant the right to be represented by an otherwise qualified attorney whom that defendant can afford to hire, or who is willing

17

to represent the defendant even though he is without funds." *U.S. v. Gonzalez-Lopez,* 548 U.S. 140, 144 (2006)(quoting *Caplin & Drysdale,* 491 U.S. at 624-25).  However, while a criminal defendant who can afford his or her own attorney has a right to a chosen attorney, that right is a qualified right. *Serra,* 4 F. 3d at 1348 (citing to *Wheat v. United States,* 486 U.S. 153, 159 (1988)).  Stated differently, the right to counsel of one's own choice is not absolute. *See Wilson v. Mintzes,* 761 F. 2d 275, 280 (6th Cir. 1985).  "Although a criminal defendant is entitled to a reasonable opportunity to obtain counsel of his choice, the exercise of this right must be balanced against the court's authority to control its docket." *Lockett v. Arn,* 740 F. 2d 407, 413 (6th Cir. 1984); *See also Gonzalez-Lopez,* 548 U.S. at 151-52)("Nothing we have said today casts any doubt or places any qualification upon our previous holdings that limit the right to counsel of choice and recognize the authority of trial courts to establish criteria for admitting lawyers to argue before them...We have recognized a trial court's wide latitude in balancing the right to counsel of choice against the needs of fairness, and against the demands of its calendar.")(internal citations omitted).  Finally, the right to counsel of choice may not be used to unreasonably delay a trial. *See Linton v. Perini,* 656 F.2d 207, 209 (6th

18

Cir. 1981).

In reviewing a motion for substitution of counsel, a reviewing court should consider "the timeliness of the motion; the adequacy of the [trial] court's inquiry into the defendant's complaint; and the asserted cause for that complaint, including the extent of the conflict or breakdown in communication between lawyer and client (and the client's own responsibility, if any, for that conflict)." *Martel v. Clair*, 132 S. Ct. 1276, 1287 (2012). "Because a trial court's decision on substitution is so fact-specific, it deserves deference; a reviewing court may overturn it only for an abuse of discretion." *Id.*

Petitioner is not entitled to relief for several reasons.

This Court first notes that the petitioner's request for a continuance to obtain new counsel was untimely because it was made on the first day of trial. Petitioner offered no reasons to the state courts or to this Court why he did not bring his dissatisfaction with his counsel to the trial court earlier. The Sixth Circuit has noted that when "the granting of the defendant's request [for a continuance to obtain new counsel] would almost certainly necessitate a last-minute continuance, the trial judge's actions are entitled to extraordinary deference." *U.S. v. Whitfield*, 259 F.

2:16-cv-12260-DPH-SDD   Doc # 16   Filed 10/31/16   Pg 20 of 37   Pg ID 1213

App'x. 830, 834 (6th Cir. 2008)(quoting *United States v. Pierce*, 60 F.3d

886, 891 (1st Cir.1995)).  The Sixth Circuit has rejected similar requests

as being untimely. *See U.S. v. Trujillo,* 376 F.3d 593, 606-07 (6th Cir.

2004)(motion for substitution of counsel was untimely, coming only three

days prior to the start of the trial); *Jennings,* 83 F.3d at 148 (motion to

continue to obtain new counsel untimely when it was made the day before

trial).  In the present case, petitioner's request for a continuance to obtain

new counsel on the day of trial was untimely, particularly where the

petitioner had several opportunities prior to trial to bring his dissatisfaction

with counsel to the attention of the trial court. *Whitfield,* 259 F. App'x. at

834.

     Although petitioner claims that he previously sent a letter to the trial

court on July 18, 2014, in which he asked for new counsel, the only letter

petitioner provided to this Court that is dated July 18, 2014 is included in

his motion to supplement habeas petition Appendix I.  Although petitioner

complains about his lawyer's refusal to argue certain motions on his

behalf, petitioner does not ask for his attorney to be discharged or for

additional time to hire a new attorney.  In any event, the letter was sent

only ten days before trial and received by the court on July 23, 2014, five

days before the start of trial.  Even if petitioner's July 18, 2014 letter could be construed as a request for a continuance to seek new counsel, this request coming just before trial would still be considered untimely. *See United States v. Watson,* 620 F. App'x. 493, 501 (6th Cir. 2015)(request for new counsel made 19 days before trial untimely); *United States v. Fonville,* 422 F. App'x. 473, 480 (6th Cir. 2011)(request for new counsel made less than a month and a half before trial not timely); *United States v. Chambers,* 441 F. 3d 438, 447 (6th Cir. 2006)(no abuse of discretion to deny request for new counsel made a month and a half before trial).

Moreover, this Court notes that petitioner had already discharged his first attorney for similar reasons and now wished on the day of trial to discharge his second retained counsel.  There had already been delays in the case due to petitioner's replacement of his first attorney and permitting petitioner to discharge his second attorney in order to hire a third one would have lead to even further delays; the trial court did not err in denying petitioner's request to discharge his second attorney. *See e.g. United States v. Ammons*, 419 F. App'x 550, 552 (6th Cir. 2011).

Secondly, petitioner failed to establish good cause for substitution of counsel, where he failed to show that the conflict between himself and his

attorney was so great that it resulted in a total lack of communication which prevented an adequate defense. *See United States v. Jennings*, 83 F. 3d 145, 149 (6th Cir. 1996). Petitioner was not entitled to substitute counsel because his complaints against counsel involved differences of opinion regarding trial strategy and what motions to file rather than any irreconcilable conflict or total lack of communication. *See e.g. Adams v. Smith*, 280 F. Supp. 2d 704, 720 (E.D. Mich. 2003). The record in this case does not demonstrate that the disagreements between petitioner and his attorney rose to the level of a conflict sufficient to justify the substitution of counsel. *See United States v. Sullivan*, 431 F.3d 976, 981 (6th Cir. 2005).

Third, the judge sufficiently inquired into petitioner's allegations of ineffectiveness against counsel on the first day of trial. In light of the fact that there were "multiple lengthy discussions" about the alleged conflicts between petitioner and his counsel, there was no abuse of discretion in denying petitioner's motion for substitute counsel. *See U.S. v. Vasquez*, 560 F.3d 461, 467 (6th Cir. 2009).

Finally, petitioner is unable to show that he was prejudiced by the failure of the trial court to grant petitioner a continuance to hire a new

attorney, in light of the fact that he received effective assistance of counsel at trial. *Vasquez,* 560 F.3d at 468.  "The strained relationship" between petitioner and his attorney was not a "complete breakdown in communication" that prevented the petitioner from receiving an adequate defense. *Id.*

The Michigan Court of Appeals' conclusion that the trial judge's denial of the petitioner's motion to substitute counsel did not violate his Sixth Amendment rights was not an unreasonable application of federal law, and thus the petitioner is not entitled to federal habeas relief. *See Henness v. Bagley*, 644 F.3d 308, 322 (6th Cir. 2011).

Petitioner further appears to argue that he was denied his right to self-representation. [3]

Criminal defendants have a constitutional right to conduct their own defense at trial, if they voluntarily and intelligently elect to do so. *Martinez*

---

[3]   Respondent contends that petitioner's remaining subclaims in Claim # 2 were never exhausted with the state courts. A habeas petitioner's failure to exhaust his or her state court remedies does not deprive a federal court of its jurisdiction to consider the merits of the habeas petition. *Granberry v. Greer*, 481 U.S. 129, 131 (1987).  An unexhausted claim may be addressed if the unexhausted claim is without merit, such that addressing the claim would be efficient and would not offend the interest of federal-state comity. *Prather v. Rees*, 822 F. 2d 1418, 1422 (6th Cir. 1987); *see also* 28 U.S.C. § 2254(b)(2)(habeas petition may be denied on the merits despite the failure to exhaust state court remedies).  In these circumstances, a federal court should dismiss a non-federal or frivolous claim on the merits to save the state courts the useless review of meritless constitutional claims. *Cain v. Redman*, 947 F. 2d 817, 820 (6th Cir. 1991).  Because petitioner's subclaims lack merit, in the interests of efficiency and justice, the court will address the claim, rather than dismiss the petition on exhaustion grounds. *See Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999).

*v. Court of Appeal of California, Fourth Appellate Dist.,* 528 U.S. 152, 154 (2000); *Faretta v. California*, 422 U.S. 806, 807 (1975).  However, the right to self-representation is not absolute. *Martinez*, 528 U.S. at 161. Moreover, a defendant's request for self-representation must be made clearly and unequivocally. *See Faretta*, 422 U.S. at 835; *See also U.S. v. Martin,* 25 F. 3d 293, 295 (6th Cir. 1994)("To assert the right of self-representation, a defendant must do so unequivocally.").

There is no indication on the record that petitioner ever unequivocally asked to represent himself at trial.  Although petitioner in his July 18, 2014 letter requested that he be allowed to argue certain motions on his own behalf, a defendant in a criminal case does not have a constitutional right to hybrid representation. *U.S. v. Cromer*, 389 F. 3d 662, 681, n. 12 (6th Cir. 2004); *U.S. v. Green*, 388 F. 3d 918, 922 (6th Cir. 2004); *Wilson v. Hurt,* 29 F. App'x 324, 327 (6th Cir. 2002)("If [the petitioner] had insisted upon questioning only some of the witnesses on his own, or leaving his attorney to perform some of the "core functions" of counsel, we are certain that the trial court's denial of his request [for self-representation] would have raised no constitutional problem.").  In *McKaskle v. Wiggins*, 465 U.S. 168, 183 (1984), the Supreme Court

24

observed that "*Faretta* does not require a trial judge to permit 'hybrid' representation" and that "[a] defendant does not have a constitutional right to choreograph special appearances by counsel." Petitioner's requests to represent himself along with the assistance of counsel cannot be considered a clear and unequivocal invocation of his right to represent himself. "Because the assertion of the right to self-representation necessarily involves a waiver of the constitutional right to counsel, and given the importance of the right to counsel, we think the wisest course is to require a clear and unequivocal assertion of a defendant's right to self-representation before his right to counsel may be deemed waived." *Cromer,* 389 F. 3d at 682-83. Indeed, "[R]equiring an articulate and unmistakable demand of the right to proceed *pro se* decreases the danger of a savvy defendant manipulating these two mutually exclusive rights to put the [trial] court in a Catch-22." *Id.*

In addition, petitioner's expressions of dissatisfaction with his attorney would be insufficient to invoke his right to self-representation. Where a defendant simply expresses dissatisfaction with his or her trial counsel's performance, a court should not interpret this as a motion by the defendant to proceed *pro se. See Martin*, 25 F.3d at 296.

25

Petitioner further appears to argue that his right to be present at trial was violated.

A criminal defendant has a right to be physically present at every stage of his or her trial. *Kentucky v Stincer*, 482 U.S. 730, 745 (1987). However, a "defendant can lose his right to be present at trial if, after he has been warned by the judge that he will be removed if he continues his disruptive behavior, he nevertheless insists on conducting himself in a manner so disorderly, disruptive, and disrespectful of the court that his trial cannot be carried on with him in the courtroom." *Illinois v Allen*, 397 U.S. 337, 343 (1970). Once lost, the right to be present can "be reclaimed as soon as the defendant is willing to conduct himself consistently with the decorum and respect inherent in the concept of courts and judicial proceedings." *Id.*

Petitioner was removed from the courtroom on the first day of trial due to his outbursts. (Tr, 7/28/14, pp. 6-7). The judge later offered to allow petitioner to return to the courtroom. Petitioner refused the judge's invitations to return to the courtroom. (*Id.,* pp. 16-17). When trial continued two days later, petitioner refused to return to the courtroom. Several persons, including defense counsel, repeatedly informed

26

petitioner that he had the right to be present during trial.  The judge indicated that the Director of Psychology evaluated petitioner the day before for mental competency and determined that petitioner was mentally stable, showed no signs of mental illness, and was able to make competent decisions, including his right to be absent from trial. (Tr. 7/30/14, pp. 3-5)  On the second day of trial, petitioner again refused to return to court, despite an invitation from the judge. (Tr. 7/31/14, p. 4.).  On the beginning of the third day of trial, petitioner refused to respond to the courtroom deputies' invitation to return to the courtroom.  The judge was subsequently informed by defense counsel that petitioner wished to return to the court.  Although initially denying the request, the trial judge permitted petitioner to return to the courtroom with additional security in place. (Tr. 8/1/14, pp. 7-12).

The record establishes that petitioner voluntarily chose to make himself absent during his trial.  This waives petitioner's claim. *Taylor v. United States*, 414 U.S. 17, 20 (1973) (right to be present "effectively waived by his voluntary absence"); *See also United States v. Riddle,* 249 F. 3d 529, 534 (6th Cir. 2001).

Petitioner finally claims that the judge's refusal to grant his request

27

for a new attorney violated his First and Fourth Amendment rights, and amounted to a breach of contract.  Petitioner offers no argument to support these claims.  Conclusory allegations by a habeas petitioner, without any evidentiary support, do not provide a basis for habeas relief. *See, e.g., Washington v. Renico,* 455 F. 3d 722, 733 (6th Cir. 2006). Petitioner is not entitled to relief on his second claim.

### F.  Claim # 3. The ineffective assistance of counsel claims.

Petitioner claims he was denied the effective assistance of trial counsel.

To show that he was denied the effective assistance of counsel under federal constitutional standards, a defendant must satisfy a two prong test.  First, the defendant must demonstrate that, considering all of the circumstances, counsel's performance was so deficient that the attorney was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  In so doing, the defendant must overcome a strong presumption that counsel's behavior lies within the wide range of reasonable professional assistance. *Id*. In other words, petitioner must overcome the presumption that, under the circumstances, the challenged action might be sound trial strategy.

28

*Strickland,* 466 U.S. at 689.  Second, the defendant must show that such performance prejudiced his defense. *Id.*  To demonstrate prejudice, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694.  "*Strickland*'s test for prejudice is a demanding one. 'The likelihood of a different result must be substantial, not just conceivable.'" *Storey v. Vasbinder*, 657 F.3d 372, 379 (6th Cir. 2011)(quoting *Harrington*, 562 U.S. at 112).  The Supreme Court's holding in *Strickland* places the burden on the defendant who raises a claim of ineffective assistance of counsel, and not the state, to show a reasonable probability that the result of the proceeding would have been different, but for counsel's allegedly deficient performance. *See Wong v. Belmontes*, 558 U.S. 15, 27 (2009).

More importantly, on habeas review, "the question 'is not whether a federal court believes the state court's determination' under the *Strickland* standard 'was incorrect but whether that determination was unreasonable-a substantially higher threshold.'" *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009)(quoting *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007)).  "The pivotal question is whether the state court's application of

the *Strickland* standard was unreasonable.  This is different from asking whether defense counsel's performance fell below *Strickland's* standard." *Harrington v. Richter*, 562 U.S. at 101.  Indeed, "because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard." *Knowles,* 556 U.S. at 123 (citing *Yarborough v. Alvarado*, 541 U.S. at 664).  Pursuant to the § 2254(d)(1) standard, a "doubly deferential judicial review" applies to a *Strickland* claim brought by a habeas petitioner. *Id.* This means that on habeas review of a state court conviction, "[A] state court must be granted a deference and latitude that are not in operation when the case involves review under the *Strickland* standard itself."*Harrington*, 562 U.S. at 101.  "Surmounting *Strickland's* high bar is never an easy task." *Id.* at 105 (quoting *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010)).

Finally, a reviewing court must not merely give defense counsel the benefit of the doubt, but must also affirmatively entertain the range of possible reasons that counsel may have had for proceeding as he or she did. *Cullen v. Pinholster,* 563 U.S. 170, 196 (2011).

Petitioner first claims that trial counsel was ineffective for failing to

30

challenge the validity of the arrest warrant and complaint.

Petitioner is not entitled to relief for two reasons.  First, counsel did file a motion to dismiss based on the alleged defects in the warrant and complaint, which was argued before the trial court on July 18, 2014. Counsel therefore attempted to challenge the legality of the warrant and complaint.

Secondly, as mentioned when discussing petitioner's first claim, *supra*, an illegal arrest without more would not invalidate petitioner's conviction.  Petitioner did not identify any evidence that was obtained as a result of the allegedly unlawful arrest.  A challenge to the legality of petitioner's arrest would not have resulted in his release from custody. Counsel was not ineffective in his handling of the motion to dismiss on this basis. *See Friday v. Pitcher,* 200 F. Supp. 2d 725, 738-39 (E.D. Mich. 2002).

Petitioner next contends that counsel was ineffective for failing to call witnesses on his behalf.

Petitioner failed to name the witnesses that he claims should have been called to testify nor did he attach any affidavits from these witnesses

31

to his Standard 4 *pro se* supplemental brief, [4] nor has he provided this Court with any affidavits from these witnesses concerning their proposed testimony and willingness to testify on the petitioner's behalf. Conclusory allegations of ineffective assistance of counsel, without any evidentiary support, do not provide a basis for habeas relief. *See Workman v. Bell,* 178 F.3d 759, 771 (6th Cir. 1998). Petitioner has offered, neither to the Michigan courts nor to this Court, any evidence beyond his own assertions as to whether the witnesses would have been able to testify and what the content of these witnesses' testimony would have been. In the absence of such proof, petitioner is unable to establish that he was prejudiced by counsel's failure to call these witnesses to testify at trial, so as to support the second prong of an ineffective assistance of counsel claim. *See Clark v. Waller,* 490 F. 3d 551*,* 557 (6th Cir. 2007).

Petitioner further claims that trial counsel was ineffective for failing to call an expert witness to rebut the medical examiner's opinion that the cause of death was homicide.

A habeas petitioner's claim that trial counsel was ineffective for

---

[4] Standard 4 of Administrative Order 2004-6, 471 Mich. cii (2004), "explicitly provides that a *pro se* brief may be filed within 84 days of the filing of the brief by the appellant's counsel, and may be filed with accompanying motions." *Ware v. Harry,* 636 F. Supp. 2d 574, 594, n. 6 (E.D. Mich. 2008).

failing to call an expert witness cannot be based on speculation. *See Keith v. Mitchell,* 455 F. 3d 662, 672 (6th Cir. 2006).  Petitioner has offered no evidence to this Court that there is an expert who would have impeached the medical examiner's finding that the cause of death was homicide. Petitioner is not entitled to relief on this claim.

Petitioner next contends that trial counsel was ineffective for failing to use cell phone records to impeach the prosecution witnesses.

Petitioner failed to show that his counsel was ineffective in failing to obtain and produce these telephone records because petitioner has failed to show, in light of the other evidence at trial, that such records would establish anything that could have changed the result of his trial. *See Davis v. Burt*, 100 F. App'x. 340, 346-47 (6th Cir. 2004).

Petitioner finally claims that his attorney engaged in criminal actions. Petitioner fails to identify any criminal acts perpetrated by his attorney. Petitioner is not entitled to relief because this claim is unsupported and conclusory.  To the extent that petitioner claims that his trial counsel breached a contract, a breach of an ethical standard does not necessarily make out the denial of the Sixth Amendment guarantee of the assistance of counsel under *Strickland. Nix v. Whiteside*, 475 U.S. 157, 165 (1986).

33

Petitioner failed to show that counsel was ineffective.

## IV.  Conclusion

The Court will deny the petition for writ of habeas corpus.

A habeas petitioner must receive a certificate of appealability ("COA") in order to appeal the denial of a habeas petition for relief from either a state or federal conviction. [5]  28 U.S.C. §§ 2253(c)(1)(A), (B).  A court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  When a federal district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).

This Court denies a certificate of appealability because reasonable jurists would not find this Court's assessment of the claims to be debatable or wrong. *See Slack v. McDaniel*, 529 U.S. at 484.

---

[5]  Effective December 1, 2009, the newly created Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), 28 U.S.C. foll. § 2254; *See also Strayhorn v. Booker,* 718 F. Supp. 2d 846, 875 (E.D. Mich. 2010).

Although this Court will deny a certificate of appealability to petitioner, the standard for granting an application for leave to proceed *in forma pauperis* (IFP) is a lower standard than the standard for certificates of appealability. *See Foster v. Ludwick,* 208 F. Supp. 2d 750, 764 (E.D. Mich. 2002)(citing *United States v. Youngblood*, 116 F. 3d 1113, 1115 (5th Cir. 1997)).  Whereas a certificate of appealability may only be granted if petitioner makes a substantial showing of the denial of a constitutional right, a court may grant IFP status if it finds that an appeal is being taken in good faith. *Id.* at 764-65; 28 U.S.C. § 1915(a)(3); Fed. R.App.24 (a). "Good faith" requires a showing that the issues raised are not frivolous; it does not require a showing of probable success on the merits. *Foster,* 208 F. Supp. 2d at 765.  Although jurists of reason would not debate this Court's resolution of petitioner's claims, the issues are not frivolous; therefore, an appeal could be taken in good faith and petitioner may proceed *in forma pauperis* on appeal. *Id.*

## V. **ORDER**

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is **DENIED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that the motion to file exhibits in a traditional manner and the motions to expand the record are **GRANTED.**

**IT IS FURTHER ORDERED** that the motion for an evidentiary hearing (No. 3) is **DENIED.**

**IT IS FURTHER ORDERED** that the motion to supplement habeas petition (No. 12) is **GRANTED.**

**IT IS FURTHER ORDERED** that the motion to allow Petitioner to Respond to Notice of Filing Rule 5 materials (No. 13) is **GRANTED IN PART**, the Court having considered the arguments and documents submitted by Petitioner to date**.**

**IT IS FURTHER ORDERED** that the motion to submit affidavit and to supplement habeas petition Appendix M (No. 14) is **GRANTED.**

**IT IS FURTHER ORDERED** that the motion for immediate release based upon fraud and jurisdictional defect (No. 15) is **DENIED** in light of the Court's decision above**.**

**IT IS FURTHER ORDERED** That a certificate of appealability is

36

**DENIED.**

     **IT IS FURTHER ORDERED** that petitioner will be granted leave to

appeal *in forma pauperis.*


                    S/Denise Page Hood
                    Denise Page Hood
                    Chief Judge, United States District Court

Dated: October 31, 2016

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 31, 2016, by electronic and/or ordinary mail.

                    S/LaShawn R. Saulsberry
                    Case Manager