UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARYL DUDE NELSON,

    Petitioner,        Civil No. 2:16-CV-12260
                                HONORABLE DENISE PAGE HOOD
v.                          CHIEF UNITED STATES DISTRICT JUDGE

SHANE JACKSON,

    Respondent,
_____/

**<u>OPINION AND ORDER DENYING THE MOTION FOR RELIEF FROM JUDGMENT (Dkt. # 27), THE MOTION TO SUPPLEMENT (Dkt. # 28), DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*</u>**

Daryl Dude Nelson, ("Petitioner"), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction for second-degree murder, reckless driving causing death, and being a third felony habitual offender. The Court denied the petition on the merits. *Nelson v. Jackson*, No. 2:16-CV-12260, 2016 WL 6441287 (E.D. Mich. Oct. 31, 2016); *appeal dism.* No. 16-2623, 2017 WL 5624278 (6th Cir. July 17, 2017), *cert. denied,* 138 S. Ct. 478 (2017).

Petitioner has now filed a Rule 60(b) motion for relief from judgment and a motion to supplement the motion. For the reasons that follow, the motions are DENIED.

1

Petitioner claims that in his motion that he is entitled to relief from judgment because the criminal complaint that was filed against him in the 36th District Court was defective because the assistant prosecutor forged the signature of the complaining witness on the complaint. Petitioner further alleges that this Court failed to address his claim that the complaint was forged. Petitioner makes similar arguments in his motion to supplement.

Under Fed. R. Civ. P. 60(b), a motion for relief from judgment can be granted for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or,
>
> (6) any other reason justifying relief from the operation of the judgment.

The elements of fraud upon the court consists of conduct:

> 1. on the part of an officer of the court;
> 2. that is directed to the "judicial machinery" itself;
> 3. that is intentionally false, wilfully blind to the truth, or is in reckless disregard for the truth;

> 4. that is a positive averment or is concealment when one is under a duty to disclose; and,
> 5. that deceives the court.

*Demjanjuk v. Petrovsky,* 10 F. 3d 338, 348 (6th Cir. 1993).

Petitioner's "fraud on the court" claim is without merit, because he failed to show that any alleged fraud was committed by an officer of *this Court*. (emphasis supplied). In order for a claim of fraud on the court to succeed, so as to permit relief from a state conviction pursuant to Fed.R. Civ. P. 60, "the fraud must have been committed by an officer of the federal habeas trial or appellate courts." *Buell v. Anderson,* 48 F. App'x. 491, 499 (6th Cir. 2002)(citing *Workman v. Bell*, 227 F. 3d 331, 336, 341 (6th Cir. 2000)(*en banc*)). The assistant prosecutor was not acting as an officer of the federal habeas court when, while acting in his capacity, he signed the various documents initiating the prosecution against petitioner, thus, the "fraud upon the court" exception does not apply to permit petitioner to relief from judgment. *Id.*

To the extent that petitioner claims that this Court erred in failing to address his claim about the forged complaint, his Rule 60(b) motion is untimely.

A Rule 60(b)(1) motion is normally required to be filed within one year of the challenged judgment. Fed. R. Civ. P. 60(c)(1). However, a Rule "60(b)(1) motion based on legal error must be brought within the normal time for taking an

3

appeal." *Yarbrough v. Warden, Lebanon Corr. Inst.*, No. 16-4083, 2017 WL 3597427, at * 2 (6th Cir. May 25, 2017), *cert. denied sub nom. Yarbrough v. Schweitzer*, 138 S. Ct. 333 (2017)(quoting *Pierce v. United Mine Workers of Am. Welfare & Ret. Fund*, 770 F.2d 449, 451 (6th Cir. 1985)). The time to appeal a civil action is thirty days after entry of the judgment. Fed. R. App. P. 4(a)(1)(A). Petitioner's current Rule 60(b) motion was filed way beyond the thirty day limit for filing an appeal. The Court denies the Rule 60(b) motion.

When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. In such a circumstance, no appeal would be warranted. *Id.*

In habeas cases involving a district court's denial of a 60(b) motion for relief from judgment on procedural grounds without reaching the merits of any constitutional claims, a petitioner should be granted a certificate of appealability only if he makes both a substantial showing that he had a valid claim of the denial of a constitutional right, and a substantial showing that the procedural ruling by the district court is wrong. *See United States v. Hardin,* 481 F. 3d 924, 926, n. 1 (6th Cir. 2007).

Petitioner is not entitled to a certificate of appealability from the denial of his motion for relief from judgment and the related motion to supplement, because he has failed to make a substantial showing of the denial of a constitutional right or that this Court's procedural ruling was incorrect. The Court further concludes that petitioner should not be granted leave to proceed *in forma pauperis* on appeal, as any appeal would be frivolous. See Fed.R.App. P. 24(a).

IT IS ORDERED THAT:

(1) The motion for relief from judgment and the motion to supplement are DENIED.
(2) A certificate of appealability is DENIED.
(3) Petitioner is DENIED Leave to Appeal *In Forma Pauperis.*

Dated: February 14, 2020

s/Denise Page Hood
Chief Judge, United States District Court