UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARYL DUDE NELSON,

    Petitioner,          Civil No. 2:16-CV-12260
                               HONORABLE DENISE PAGE HOOD
v.                            CHIEF UNITED STATES DISTRICT JUDGE

SHANE JACKSON,

    Respondent,
_____/

## **OPINION AND ORDER DENYING THE MOTION TO DISQUALIFY**

Daryl Dude Nelson, ("Petitioner"), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction for second-degree murder, reckless driving causing death, and being a third felony habitual offender. The Court denied the petition on the merits. *Nelson v. Jackson*, No. 2:16-CV-12260, 2016 WL 6441287 (E.D. Mich. Oct. 31, 2016); *appeal dism.* No. 16-2623, 2017 WL 5624278 (6th Cir. July 17, 2017), *cert. denied,* 138 S. Ct. 478 (2017).

Petitioner filed a Rule 60(b) motion for relief from judgment and a motion to supplement the motion, which remain pending before the Court. (ECF Nos. 27 and 28).

Petitioner has now filed a motion to disqualify this Court from adjudicating his pending motions. For the reasons that follow, the motion is DENIED.

1

28 U.S.C. § 455 (a) provides that "[a]ny justice, judge, or magistrate of the United States shall disqualify himself [or herself] in any proceeding in which his [or her] impartiality might reasonably be questioned." Under 28 U.S.C. § 455(a), a judge must recuse himself or herself "'if a reasonable, objective person, knowing all of the circumstances, would have questioned the judge's impartiality.'" *United States v. Sammons*, 918 F.2d 592, 599 (6th Cir. 1990)(quoting *Hughes v. United States*, 899 F.2d 1495, 1501 (6th Cir. 1990)). The Supreme Court has held that under § 455(a), opinions formed by judges on the basis of facts introduced or events occurring "in the course of current proceedings, or of prior proceedings, do not constitute bias or partiality" unless they display "such a high degree of favoritism or antagonism as to make fair judgment impossible." *Liteky v. United States*, 510 U.S. 540, 555 (1994). To state a claim that a judge is biased, a defendant must show either actual bias or the appearance of bias creating a conclusive presumption of actual bias. *United States v. Lowe*, 106 F. 3d 1498, 1504 (6th Cir. 1997). Adverse rulings are not themselves sufficient to establish bias or prejudice which will disqualify a judge. *See Mason v. Burton,* 720 F. App'x. 241, 242–43 (6th Cir. 2017)*; Hence v. Smith,* 49 F. Supp. 2d 547, 549 (E.D. Mich. 1999). A habeas petitioner's "unsupported accusations" and "unfounded surmise" of bias on the part of a federal judge presiding over his or her habeas petition are

insufficient to establish grounds for disqualification of that judge from presiding over the case. *See Bates v. Grant,* 98 F. App'x. 11, 15 (1st Cir. 2004).

The only evidence of judicial bias that petitioner points to is the fact that this Court previously ruled against petitioner in denying him habeas relief. The mere fact that this Court ruled adversely against petitioner in his habeas relief is insufficient to establish judicial bias or to support judicial disqualification.

The Sixth Circuit has repeatedly held that a habeas or post-conviction judge's involvement in a habeas petitioner or post-conviction movant's prior case does not show bias or require the judge to disqualify himself or herself. *See United States v. Campbell,* 59 F. App'x. 50, 52 (6th Cir. 2003)(trial judge not required to recuse himself from hearing movant's § 2255 motion to vacate sentence, where movant's dissatisfaction with judge's rulings in his criminal case and during post-conviction proceedings did not establish bias that would warrant recusal); *Kemp v. United States,* 52 F. App'x. 731, 733-34 (6th Cir. 2002)(same); *Browning v. Foltz,* 837 F. 2d 276, 279-80 (6th Cir. 1988)(judge not required to recuse himself from hearing petitioner's second habeas petition merely because he indicated in order denying petitioner's first petition for habeas corpus that petitioner's release due to technicalities would be illogical and unjust); *Demjanjuk v. Petrovsky*, 776 F.2d 571, 577 (6th Cir. 1985); *vacated on other grds*, 10 F.3d 338 (6th Cir. 1993)(district judge, who presided over denaturalization proceedings involving

detainee was not required to recuse himself under 28 U.S.C.A. § 455(a) from hearing petition for writ of habeas corpus under 28 U.S.C.A. § 2241 following certification of detainee as extraditable to Israel under 18 U.S.C.A. § 3184, in that there was no evidence of actual bias on the part of district judge); *See also Kersh v. Macomb St. Clair Employment Training Agency*, 55 F. App'x. 723, 725 (6th Cir. 2003)(district court's refusal to recuse itself from hearing plaintiff's motion for relief from judgment was not abuse of discretion; court's mere participation in earlier proceedings would not have convinced reasonable person that court was biased against movant).

This Court denies petitioner's motion to disqualify itself from presiding over petitioner's habeas application or his pending motions. The Court has not formed an opinion as to the validity of petitioner's motion for relief from judgment or the supplemental motion. Under the circumstances, a reasonably objective person would not question this Court's objectivity.

**IT IS HEREBY ORDERED** that the motion to disqualify (ECF No. 29) is **DENIED.**

s/Denise Page Hood
CHIEF UNITED STATES DISTRICT JUDGE

Dated: February 14, 2020